ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| FRANCISCA COLÓN FALCÓN<br><br>RECURRENTE<br><br>V.<br><br>DEPARTAMENTO DEL TRABAJO Y RECURSOS HUMANOS<br><br>RECURRIDO | KLRA202300576 | *REVISIÓN JUDICIAL* procedente del Departamento del Trabajo y Recursos Humanos<br>_____<br>Apelación Número: SJ-01839-23A<br><br>_____<br>SOBRE:<br>Sección 2 (Y) del Reglamento para Administrar el Programa de Seguro por Desempleo |
| --- | --- | --- |

Panel integrado por su presidente el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Salgado Schwarz, Carlos G., Juez Ponente.

## S E N T E N C I A

En San Juan, Puerto Rico, a 30 de noviembre de 2023.

Comparece ante nos, la Sra. Francisca Colón Falcón (*señora Colón Falcón* o *Recurrente*), *in forma pauperis* y, mediante un recurso de revisión administrativa. Nos solicita la reconsideración de una determinación emitida por el Negociado de Seguridad de Empleo (*NSE* o *Recurrida*). En el referido dictamen, el foro administrativo determinó que la señora Colón Falcón era inelegible para recibir los beneficios de compensación por desempleo, debido a que no cumplía con lo dispuesto por el Artículo 2(y) del Reglamento Núm. 9056.[1]

Por las razones que exponemos a continuación, **confirmamos** la *Resolución* recurrida. Veamos.

-I-

La controversia ante nos tiene su génesis el 25 de abril de 2023 con una determinación de inelegibilidad por parte del

---

[1] Reglamento para administrar el Programa de Seguro por Desempleo, Reglamento Núm. 9056, Departamento de Estado, 8 de noviembre de 2018, pág. 4.

NÚMERO IDENTIFICADOR

SEN2023_____

Negociado de Seguridad de Empleo.[2] En específico, la NSE determinó que, debido a que la señora Colón Falcón permaneció en una jornada reducida por un periodo de dos años, es considerada inelegible a recibir los beneficios de compensación por desempleo.[3]

Así las cosas, el 27 de junio de 2023, la Recurrente solicitó una audiencia presencial ante la División de Apelaciones para impugnar la determinación del NSE. Consecuentemente, el 14 de julio de 2023, se celebró una audiencia telefónica ante un árbitro. No obstante, a pesar de haber estado debidamente notificado por la Recurrida, el patrono de la señora Colón Falcón no compareció a la referida audiencia.

Como resultado de la audiencia, el 17 de julio de 2023,[4] el árbitro de la División de Apelaciones emitió una *Resolución* en la cual consignó las siguientes Determinaciones de Hechos:

1. La parte reclamante trabaja para el patrono Blanco y Riera, Inc., desde hace 11 (once) años.
2. Cuando comenzó a trabajar para el patrono, trabajaba a jornada completa 40 (cuarenta) horas.
3. Desde hace varios años, el patrono redujo la jornada de trabajo de la reclamante de 40 (cuarenta) a 35 (treinta y cinco) horas semanales.
4. Actualmente, la reclamante sigue trabajando 35 (treinta y cinco) horas semanalmente.[5]

Asimismo, el árbitro tomó conocimiento administrativo de que la parte reclamante solicitó al NSE los beneficios de seguro por desempleo parcial, en más de dos ocasiones previas a la reclamación respecto a la que se refiera este recurso.[6]

---

[2] Evidencia V *Revisión de Decisión Administrativa.*
[3] *Id.*
[4] Evidencia VIII *Revisión de Decisión Administrativa;* Notificada a las partes el 31 de julio de 2023.
[5] *Id.*
[6] *Id.*

Sin embargo, en aquellas ocasiones se le concedió a la Recurrente el beneficio solicitado.

A base de lo anterior, el foro administrativo confirmó la determinación del NSE y, para fundamentar su conclusión expuso lo siguiente:

> En el caso que nos ocupa, la jornada de la parte reclamante sufrió una reducción. Luego de haber recibido el beneficio de seguro por desempleo parcial por lo menos en dos (2) ocasiones, dicha jornada reducida se ha convertido en su jornada regular. El Departamento de Trabajo y Recursos Humanos del Gobierno de Puerto Rico, ha establecido como política, por medio del PRSD Núm. 8 de 23 de agosto de 2019, que **se considerará que la jornada reducida se convierte en la jornada regular de un reclamante tras el tercer (3) año consecutivo de beneficios de desempleo**. Por tal razón no podemos considerar que la parte reclamante está parcialmente desempleada, pues **su jornada reducida se convirtió en su jornada regular**. [7]

Posteriormente, la Recurrente solicitó en dos ocasiones una audiencia presencial donde su patrono pudiese comparecer.[8] Sin embargo, debido a que el Secretario del Departamento del Trabajo y Recursos Humanos se opuso en ambas instancias, sus solicitudes resultaron infructuosas. La última de estas fue el 10 de octubre de 2023, momento en que se notificó la *Decisión del Secretario del Trabajo y Recursos Humanos en Reconsideración* en la que se declaró *No Ha Lugar* a la solicitud de reconsideración presentada por la señora Colón Falcón.

Inconforme, la Recurrente acudió ante nos el 8 de noviembre de 2023 mediante un recurso de *Revisión de Decisión Administrativa*. En síntesis, imputa que la Recurrida erró al determinar que la señora Colón Falcón era inelegible para recibir los beneficios de compensación por desempleo previo a

---

[7] *Id;* Énfasis nuestro.
[8] 5 de agosto de 2023 y 24 de septiembre de 2023.

tomar en consideración el testimonio del empleador y sin concederle una vista presencial con las partes.

Establecido lo anterior y, evaluado el expediente del presente recurso, procedemos al derecho aplicable.

-II-

A. Revisión Judicial

Los tribunales le debemos gran deferencia a las determinaciones emitidas por las agencias administrativas, puesto que son estas las que cuentan con la experiencia y el conocimiento especializado para atender los asuntos que se le han sido delegados.[9] Debido a ello, las decisiones de las agencias gozan de una presunción de legalidad y corrección, por lo que, deben ser sostenidas hasta tanto quien las impugne no presente evidencia suficiente para derrotarlas.[10] Así pues, la intervención judicial está limitada a aquellas instancias en donde se demuestre que la agencia actuó de manera arbitraria, ilegal o irrazonable.[11]

La revisión judicial comprende la evaluación de tres aspectos principales: (1) la concesión del remedio; (2) la revisión de las determinaciones de hechos; y (3) la revisión de las conclusiones de derecho.[12] Sobre el particular, la Sección 4.5 de la Ley Núm. 38-2017, conocida como la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* dispone que:

> El tribunal podrá conceder el remedio apropiado si determina que el recurrente tiene derecho a un remedio.
>
> Las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo.

---

[9] *Torres Rivera v. Policía de PR*, 196 DPR 606, 626 (2016).
[10] *Id.*
[11] *JP, Plaza Santa Isabel v. Cordero Badillo*, 177 DPR 177, 187 (2009).
[12] *García Reyes v. Cruz Auto Corp.*, 173 DPR 870, 894 (2008).

> Las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal.[13]

Con respecto a las determinaciones de hechos, cabe mencionar que estas serán sostenidas por un tribunal revisor si se encuentran respaldadas por evidencia sustancial que surja del expediente administrativo tras ser considerado en su totalidad.[14] A esos fines, evidencia sustancial es aquella relevante que una mente razonable pudiese considerar adecuada para sostener una conclusión.[15] Por lo cual, la parte que pretenda impugnar la determinación de una agencia deberá demostrar que existe otra prueba en el récord que reduzca o menoscabe el valor probatorio de la evidencia refutada.[16]

Por su parte, en cuanto a las conclusiones de derecho, aunque las mismas son revisables en toda su extensión, ello "no implica que los tribunales revisores tienen la libertad absoluta de descartar libremente las conclusiones e interpretaciones de la agencia".[17] Esto pues, solo en caso de no encontrar una base racional que explique la determinación del ente administrativo, es que entonces el tribunal puede sustituir el criterio empleado por la agencia por uno propio.[18]

### B. Ley de Seguridad de Empleo de Puerto Rico

La Ley Núm. 74 de 21 de junio de 1956, conocida como la *Ley de Seguridad de Empleo de Puerto Rico* (Ley Núm. 74),[19] fue creada con el propósito de promover la seguridad laboral mediante la facilitación de las oportunidades de trabajo por medio del mantenimiento de un sistema de oficinas públicas de empleo y el pago de una compensación a las personas

---

[13] 3 LPRA sec. 9675.
[14] *Pacheco v. Estancias*, 160 DPR 409, 432 (2003).
[15] *JP, Plaza Santa Isabel v. Cordero Badillo*, *supra*, pág. 187 (2009).
[16] *Otero v. Toyota*, 163 DPR 716, 728 (2005).
[17] *Id*. pág. 729.
[18] *Hernández Álvarez v. Centro Unido*, 168 DPR 592, 616 (2006).
[19] 29 LPRA sec. 701 *et seq*.

desempleadas.[20] En la consecución de dicho objetivo, la Ley Núm. 74 estableció la creación de un fondo, distinto y separado de todos los dineros o fondos del Estado Libre Asociado de Puerto Rico, sufragado por las contribuciones pagadas por los patronos de acuerdo con los parámetros establecidos en el propio estatuto.[21]

Debido a su carácter remedial, las disposiciones de la Ley Núm. 74 deben ser interpretadas liberalmente, de modo que se provea protección a la mayor cantidad de empleados posible.[22] Sin embargo, ello no significa que su aplicación se extienda a toda persona, puesto que la Sección 704(a)(1) establece los criterios específicos que debe cumplir cualquier trabajador cualificado que interese beneficiarse de esta, a saber: (1) que notifique oficialmente su desempleo; (2) que se registre para trabajo en una oficina del servicio de empleo; (3) que se registre para recibir crédito por semana de espera o someta la reclamación de beneficios; y (4) que participe de los servicios de reempleo disponibles si ha sido identificado como un posible agotador de los beneficios regulares con necesidad de recibir servicios de reempleo.[23]

En lo pertinente, toda persona que haya quedado desempleada parcialmente tendrá derecho a recibir los beneficios del desempleo. La Sec. 2(y) del Reglamento Núm. 9056 define desempleo parcial como aquella situación en que un "reclamante está desempleado por su patrono regular, pero trabaja menos de una semana completa debido a falta de trabajo y sus salarios son menores de vez y media de la cantidad de su beneficio semanal". Por tanto, al amparo de la Ley de Seguridad de Empleo, no se requiere que una persona

---

[20] 29 LPRA sec. 701.
[21] 29 LPRA sec. 710.
[22] *Avon Products, Inc. v. Srio. del Trabajo*, 105 DPR 803, 808 (1977).
[23] 29 LPRA sec. 704(a)(1).

esté desempleada totalmente para ser acreedora de los beneficios que dispone la misma.

No obstante, si bien el carácter de la legislación es remedial, ello no significa que su interpretación liberal se extienda a tal extremo que se le reconozcan beneficios a quienes no cualifican. *Castillo v. Depto. del Trabajo*, 152 DPR, a la pág. 98. A esos fines, la Sec. 4 de la Ley de Seguridad de Empleo indica las condiciones de elegibilidad para recibir los beneficios de desempleo y las causas que descalifican a un reclamante de recibirlos. 29 LPRA sec. 704.

-III-

En esencia, corresponde evaluar si el Negociado de Seguridad de Empleo erró al denegar los beneficios de desempleo que provee la Ley Núm. 74 a la señora Colón Falcón. En apretada síntesis, la recurrente alega que, por la sencilla razón de que había recibido los beneficios de desempleo en el pasado, tiene un derecho a ellos tanto en el presente, como en el futuro. No le asiste la razón.

El NSE fundamentó de manera clara y acertada que nuestro ordenamiento jurídico dispone que, luego de un reclamante permanecer en un estado de jornada reducida por el periodo de tres años consecutivos, se considerará que esta es su jornada regular. Siendo así, no queda espacio para considerar aquí una solicitud al amparo de beneficios por desempleo. Como bien señala el foro administrativo, **no podemos considerar que la parte reclamante está parcialmente desempleada**, pues su alegada jornada reducida se ha convertido para todos los efectos prácticos en su jornada regular.

Por último, la *Resolución* impugnada, lejos de ser una errónea, nos parece estar debidamente fundamentada en derecho. Siendo así, no consideramos que el ente

administrativo procediera de manera arbitraria, ilegal o irrazonable. Por lo cual, no encontramos meritorio alterar sus conclusiones y entendemos que corresponde otorgarle a la agencia la deferencia que nuestro ordenamiento jurídico requiere al momento de revisar sus decisiones adjudicativas.

**-IV-**

A la luz de los fundamentos antes expuestos, se **_confirma_** la _Resolución_ impugnada.

Lo acuerda y manda el Tribunal y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones